# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Andrea Shaw, | No. 1:26-cv-00171 |
| *Plaintiff,* | |
| | Judge Timothy J. Kelly |
| v. | |
| | Motion of Eugene Volokh to Intervene and Unseal, with Accompanying Memorandum |
| American Academy of Pediatrics, | |
| *Defendant.* | |

## Motion

Eugene Volokh is moving (on his own behalf) to intervene and unseal the Plaintiff's motion to proceed pseudonymously and its accompanying memorandum in support, ECF Nos. 2, 2-1, 2-2, and 2-3. He does not seek to learn Plaintiff's identity—only to see the arguments made in the motion and accepted by this Court as part of its rationale for its June 6, 2026 Order. He does not object to the release of ECF Nos. 2, 2-1, 2-2, and 2-3 with modest redactions limited to Plaintiff's identifying information.

Volokh does so in order to be able to write about the pseudonymity decision. He often writes about motions to proceed under pseudonym and motions to seal, both in law journal articles and at the Volokh Conspiracy blog on the Reason Magazine site, http://reason.com/volokh. *See, e.g.*, Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022); *Right of Access,* Volokh Conspiracy, https://reason.com/tag/right-of-access/.

Defendants take no position on this motion. Plaintiff does not consent to it, and expects to file a timely response.

1

## Memorandum

### I.    Volokh should be allowed to intervene

"Pursuant to Federal Rule of Civil Procedure 24(b) and the common-law right of access, third parties may intervene in cases for the 'limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order.'" *League of Women Voters of United States v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020) (citation omitted). "The force of precedent . . . compels a flexible reading of Rule 24(b). Given this flexible approach and our longstanding tradition of public access to court records, we construe Rule 24(b) as an avenue for third parties to have their day in court to contest the scope or need for confidentiality." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (cleaned up).

### II.    The common-law right of access applies to motions for leave to proceed pseudonymously

Because motions to seal implicate the public's right of access to court records, the public and the press need to be able to review them, and to understand why a court is considering whether to conceal certain information from the public. Filings related to whether certain matters should be sealed "qualify as judicial documents because they were submitted to 'influence the district court's rulings' as to whether *other* judicial documents submitted throughout the defamation litigation should be maintained under seal." *Giuffre v. Maxwell*, 146 F.4th 165, 181 (2d Cir. 2025) (cleaned up). "Accordingly, a presumption of public access attaches" to such filings. *Id.*

The same logic applies to motions to proceed pseudonymously, which are akin to motions to seal or redact. "The presumption of openness in judicial proceedings is a

2

bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020). "That presumption is both customary and constitutionally-embedded." *Id.* at 326 (cleaned up). "With open doors as our starting point, we generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (cleaned up).

The public should thus be able to see the content of the motion for leave to proceed pseudonymously, so it can know what arguments are being given to restrict the public's right of access. "A motion to proceed pseudonymously implicates the First Amendment right of access because a party's identity has traditionally been open to the public and the public access plays a significant positive role in the functioning of a motion to proceed pseudonymously." *Doe v. Teachers Council, Inc.*, No. 3:23-CV-01747-AN, 2024 WL 1232082, at \*3 (D. Or. Mar. 21, 2024) (cleaned up) (unsealing motion to proceed pseudonymously, on Volokh's request, though with some modest redactions); *see also N. Dakota Hum. Rts. Coal v. Patriot Front.*, 346 F.R.D. 102, 105 (D.N.D. 2024) (unsealing motion to proceed pseudonymously, on Volokh's request). And Volokh, one of the few academics who writes about pseudonymity—both for the public and in law journal articles—is particularly interested in seeing what arguments applicants for pseudonymity are making.

To be sure, *Giuffre* concluded that the presumption of public access gets "stronger" "[t]he more . . . documents implicate a court's core adjudicative role," and suggested that filings related to sealing "are incrementally more attenuated from" that core role.

*Id.*; *see also id.* at 182 (remanding the matter so that "the able district judge [can] consider these factors in individually reviewing the [sealing-related] filings and the underlying documents to which they pertain, assigning an appropriate weight to the presumption of public access applicable to the filings, weighing that presumption against any countervailing interests, and then deciding which filings (or parts of filings) can be unsealed"). But the presumption of public access, whether incrementally attenuated or not, remains.

This presumption of public access does not appear to be rebutted here, though of course Volokh is handicapped in elaborating on this point by the very facts that Plaintiff's motion is sealed and that no motion to seal the motion is publicly available. "A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information." *Allegiant Travel Co. v. Kinzer*, No. 2:21-CV-01649-JAD-NJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022).

And even if there are some items in Plaintiff's motion that need to be kept confidential, the common-law right of access requires that a district court consider "whether redaction would be an appropriate alternative" to full sealing. *In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022) (criminal case). "If plaintiff wishes to keep certain information sealed, it . . . must explain why the broad scope of requested sealing is necessary such that the alternative of targeted redactions is insufficient." *Doe, Inc. v. Roe*, No. MC 21-43 (BAH), 2021 WL 3622166, at *3 (D.D.C. June 3, 2021). *See also, e.g., Alexander v. Las Vegas Metro. Police Dep't*, No.

4

2:24-CV-00074-APG-NJK, 2025 WL 1410708, at *1 (D. Nev. Apr. 7, 2025) ("[t]o the extent any confidential information can be easily redacted" from a "motion to modify stipulated protective order" "while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents"). Indeed, this Court's Standing Order in Civil Cases ¶ 11.d specifically contemplates "redactions" as an alternative to total sealing, at least absent an "expla[nation] why redactions are sufficiently impracticable to outweigh the presumption of public access."

### III.  The right of access to court records is particularly strong here, because the decision to allow pseudonymity expressly incorporated the reasoning from the motion

This Court's June 6, 2026 order granting pseudonymity expressly relied on the motion to proceed under a pseudonym:

> Upon consideration of the factors set forth in *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019), given the lack of opposition from Defendant, and for the reasons set forth in the Motion, it is hereby ORDERED that the 2 Motion is GRANTED.

Thus, without seeing the motion, this Court's reasoning for its order is unavailable to the public.

"There is no doubt that the court orders themselves are judicial records. . . . The issuance of public opinions is core to the transparency of the court's decisionmaking process." *In re Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020). "[I]t should go without saying that [a] judge's opinions and orders belong in the public domain." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). "Opinions are not the litigants'

property. They belong to the public, which underwrites the judicial system that produces them." *PepsiCo, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J., in chambers).

"Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). *See also, e.g., United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (concluding that defendant's "motion to file this opinion under seal" should be denied "because the decisions of the court" are presumptively "a matter of public record"). For the public to be able to exercise its oversight power, it needs to understand this Court's rationale for its June 6 Order. And to understand that rationale, the public needs to be able to see the motion that "sets forth" the "reasons" for the Order.

## IV. This Court should also recognize a First Amendment right of access filings in civil proceedings, and unseal the motion to seal pursuant to that right

"Though the Supreme Court originally recognized the First Amendment right of access in the context of criminal trials, the federal courts of appeals have widely agreed that it extends to civil proceedings and associated records and documents." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014) (citation omitted); *see also N.Y. Civil Liberties Union v. N.Y. Transit Auth.*, 684 F.3d 286, 305 (2d Cir. 2012) (likewise recognizing a First Amendment right of access to civil proceedings); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984) (same); *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 326 (4th Cir. 2021) (same); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178-79 (6th Cir. 1983) (same); *In re Cont'l*

*Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984) (same); *Courthouse News Serv. v. N.M. Admin. Office of the Courts*, 53 F.4th 1245, 1263 (10th Cir. 2022) (same); *see also Doe v. MIT*, 46 F.4th 61, 67 (1st Cir. 2022) ("The courts of appeals have recognized a qualified First Amendment right of public access to certain documents filed in civil litigation. *See Courthouse News Serv. v. Quinlan*, 32 F.4th 15, 20 n.8 (1st Cir. 2022) (collecting cases)."). The D.C. Circuit has apparently not decided the question, but the other Circuits' decisions are unanimously correct: "By its terms, the experience and logic test does not limit the right of access to criminal proceedings. Every circuit to consider the issue has concluded that the qualified First Amendment right of public access applies to civil as well as criminal proceedings." *Dhiab v. Trump*, 852 F.3d 1087, 1099 (D.C. Cir. 2017) (Rogers, J., concurring in part and in the judgment).

In particular, courts have concluded that the First Amendment right of access applies to motions to conceal documents from public view. *See Doe v. Teachers Council, Inc.*, No. 3:23-CV-01747-AN, 2024 WL 1232082, at *3 (D. Or. Mar. 21, 2024) (motion to proceed pseudonymously); *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) (protective order brief); *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *1, *3 (letter seeking "leave to file a motion to proceed anonymously or under seal").

The First Amendment right of access calls for an even more demanding test than does the common-law right of access: "The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated

7

by a compelling government interest." *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988). For the reasons given above, this test cannot be satisfied here.

## V.    LCvR 5.1(h)(1) also precludes sealing of the motion to proceed pseudonymously, absent an order from the Court

LCvR 5.1(h)(1) provides,

Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the document being placed on the public record.

Likewise, this Court's Standing Order in Civil Cases ¶ 11.d provides that "a proposed sealed document in an otherwise unsealed case must be accompanied with a motion to seal." This should also justify unsealing ECF Nos. 2, 2-1, 2-2, and 2-3, since there appears to be no "order from the Court" authorizing their sealing, nor a separate motion to seal those filings.

## Conclusion

For these reasons, Volokh should be allowed to intervene in this case, and ECF Nos. 2, 2-1, 2-2, and 2-3, should be unsealed, if necessary with modest redactions limited to Plaintiff's identifying information.

Respectfully Submitted,

Eugene Volokh
Thomas M. Siebel Senior Fellow
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
*Pro se* (institutional affiliation given for
identification and addressing purposes only)
July 6, 2026

9